UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE A GRAHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 15-cv-04220-JD<br><br>**ORDER RE MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Re: Dkt. No. 33 |

This action is for breach of a settlement agreement reached in a prior mortgage dispute. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). The motion is granted in part and denied in part. The Court grants leave to amend the dismissed claims.

**BACKGROUND**

The prior litigation arose out of a mortgage and credit line secured by plaintiff Michelle Graham's real property in Berkeley, California. Wells Fargo was the servicing entity for both instruments. Graham sought a modification of the mortgage through the HAMP program and alleged that Wells Fargo mishandled it to her injury.

The parties signed a written settlement agreement in March 2015. Dkt. No. 32. Under the terms of the agreement, Graham dismissed the prior claims and Wells Fargo agreed to consider a loan modification if Graham met strict timelines for submitting any documentation requested by Wells Fargo. Graham's failure to submit requested documentation within the timelines would relieve Wells Fargo from the obligation to do a loan modification review. Wells Fargo made "no promise, representation, or guarantee whatsoever concerning the results" of the review. *Id*. at 3-4. It agreed to not to seek foreclosure on either instrument during the pendency of the loan review

1  process, and promised to "present Plaintiff with a reinstatement demand" on the credit line within
2  seven days of the conclusion of the loan review. *Id*. at 4.
3        Graham now alleges that Wells Fargo breached the settlement agreement by improperly
4  recording a notice of default on the property for the credit line. The Court dismissed the original
5  complaint after plaintiff requested leave to amend. Dkt. Nos. 16, 30. The amended complaint
6  alleges five claims: (1) breach of contract; (2) breach of implied covenant of good faith and fair
7  dealing; (3) promissory estoppel; (4) negligence and negligence per se; (5) violation of California
8  Business & Professions Code § 17200, *et seq*. Dkt. No. 31. Defendant has moved to dismiss the
9  claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), for failure to
10 join an indispensable party under Rule 12(b)(7), and for failure to meet the pleading standards of
11 Rules 8 and 9(b). The Court previously found the motion to dismiss suitable for decision without
12 oral argument pursuant to Civil Local Rule 7-1(b). Dkt. No. 37.

## DISCUSSION

### I.    STANDARDS

A Rule 12(b)(6) motion to dismiss "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted). To avoid dismissal, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In evaluating a motion to dismiss, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quotation omitted).

1    Under Rule 12(b)(7), a party may move to dismiss a case for "failure to join a party under
2 Rule 19." Rule 19 imposes a three-step inquiry: (1) whether the absent party is necessary (i.e.,
3 required to be joined if feasible) under Rule 19(a); (2) if so, whether it is feasible to order that
4 absent party to be joined; and (3) if joinder is not feasible, whether the case can proceed without
5 the absent party, or whether the absent party is indispensable such that the action must be
6 dismissed. *Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th
7 Cir. 2012).

8    When the Court dismisses a complaint, it "should grant leave to amend even if no request
9 to amend the pleading was made, unless it determines that the pleading could not possibly be
10 cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)
11 (internal quotation marks and citation omitted).

## II.  CONTRACT AND ESTOPPEL CLAIMS

Wells Fargo challenges the first claim for breach of the settlement agreement as failing to allege that Graham discharged her own obligations under the agreement or that she has suffered any damages. *See Commercial Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001) (the elements of breach of contract are (1) existence of the contract, (2) performance by the plaintiff or excuse for nonperformance, (3) breach by the defendant, and (4) damages). That is not correct. The amended complaint states that Graham "submitted all documents requested by WELLS FARGO as required under the agreement," and that she has and will continue to suffer damages including "consequential expenses" and "costs and reasonable attorney's fees in connection" with the breach. Dkt. No. 31 ¶¶ 59, 61. Dismissal is denied.

The challenge to the attendant second claim for breach of the implied covenant of good faith and fair dealing is denied for similar reasons. Graham has adequately alleged that she carried out her duties but that Wells Fargo did not do the same. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990) (allegations of breach of the implied covenant of good faith and fair dealing "must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities").

3

The third claim for promissory estoppel is dismissed. Graham's allegations are purely conclusory and provide no facts at all about any promise allegedly made by Wells Fargo, Graham's reasonable and foreseeable reliance on that promise, and her injury from that reliance. *See Boon Rawd Trading Int'l Co. v. Paleewong Trading Co.*, 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010) (elements of the claim). In addition, the claim appears to be stale. Graham acknowledges that a two-year statute of limitations applies to promissory estoppel, Dkt. No. 35 at 7, but has not alleged any facts showing that she properly waited until September 16, 2015 to sue on promises allegedly made in the summer of 2013. Graham has leave to try to replead the promissory estoppel claim but needs to satisfy the required elements and allege facts excusing untimeliness.

## III.  NEGLIGENCE CLAIM

The fourth claim for negligence and negligence per se is dismissed. Graham alleges Wells Fargo negligently failed to comply with California Civil Code Sections 1572, 2923.55 and 2924 in recording the notice of default on the property. But plaintiff has not shown that any of these provisions support a plausible claim. Section 1572 addresses actual fraud, not negligence, and even if it applied Graham would need to meet the specificity requirements for pleading fraud under Rule 9(b) -- which she has not done. Graham does not contest that Section 2923.55 applies "only to first lien mortgages or deeds of trust," and not subsequent loans like her credit line. *See* Cal. Civ. Code §§ 2924.15, 2923.55(h). And the amended complaint nowhere describes how the notice violated Section 2924.

Graham also fails to allege facts showing any other duty on the part of Wells Fargo. "While it is certainly true that there is no per se rule that a lender never owes a duty to a borrower" in connection with mortgage handling, "it is equally true that a complaint should allege facts sufficient to state a plausible duty." *Kingston v. Wells Fargo Home Mortg.*, No. 13-4181-JD, 2016 WL 2902228, at *2 (N.D. Cal. May 13, 2016). Here, Graham says only that Wells Fargo owed her a duty of care having "undertaken the activity of initiating a non-judicial foreclosure" because "Everyone is responsible … for an injury occasioned to another by her or her want of ordinary care." Dkt. No. 31 ¶¶ 77, 80. But as California law makes clear, the question of when and whether a lender has a duty is more nuanced, and depends on the balancing of six factors based on

the facts of a particular case. *Alvarez v. BAC Home Loan Servicing*, 228 Cal. App. 4th 941, 945, 945 n.5 (2014) (listing six factors from *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958)); *id*. at 948-49 (imposing "a duty of care on a lender that undertakes to review a loan for potential modification" based on an examination of the facts of that case). Graham cannot simply posit a duty in lieu of doing the pleading necessary to show how the balancing test tips in her favor. This claim is dismissed with leave to amend.

## IV.     CALIFORNIA UNFAIR COMPETITION LAW CLAIM

Graham's scattershot allegations under California's unfair competition laws ("UCL"), Business and Professions Code § 17200 *et seq*., are dismissed. Graham's effort to repackage the alleged violations of California Civil Code Sections of 1572, 2923.55, and 2924 under Section 17200 fails for the reasons already discussed. *See also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("we have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL"). Graham's claim that Wells Fargo violated "the laws and underlying legislative policies designed to prevent foreclosure, where possible, including by requiring mortgage holders to engage in honest foreclosure prevention efforts," Dkt. No. 31 ¶ 88, is literally incomprehensible and also legally deficient for failing to state any facts. The UCL claim is dismissed with leave to amend.

## V.      FAILURE TO JOIN INDISPENSABLE PARTY

Defendant also seeks to dismiss the amended complaint for failing to name Graham's spouse as a plaintiff. As the Ninth Circuit has stated, "necessary" parties in the context of Rule 19(a) are parties "whose joinder in the action is *desirable*" because they have an interest in the controversy, and whose absence could cause the resolution of the matter to be "incomplete." *See E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779-80 (9th Cir. 2005) (internal quotations omitted). Since Armitage co-holds the credit line that Wells Fargo allegedly sought to foreclose, she appears to be a "required party" under Rule 19(a). Plaintiff's cursory contention that Armitage is "not an indispensable party by" the Rule 19(a) definition does not compel another conclusion. Dkt. No. 35 at 10. Graham concedes that adding Armitage is "easily" done, *id*., and she should do that if she chooses to file a second amended complaint.

**CONCLUSION**

The motion to dismiss the first and second claims is denied.  The motion is granted with leave to amend for the claims for the promissory estoppel, negligence and negligence per se, and Section 17200 claims.  Debrah Armitage should be added as a plaintiff consistent with the discussion in this order.  Graham may file a second amended complaint on or before June 10, 2016.

**IT IS SO ORDERED.**

Dated: May 20, 2016

JAMES DONATO
United States District Judge