UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE A GRAHAM, et al., <br> Plaintiffs, <br> v. <br> WELLS FARGO BANK, N.A., <br> Defendant. | Case No. 3:15-cv-04220-JD <br><br> **ORDER RE DISMISSAL** <br> Re: Dkt. No. 40 |

Plaintiffs Michelle Graham and Debrah Armitage allege that defendant Wells Fargo Bank, N.A. ("Wells Fargo") breached a settlement agreement relating to a foreclosure proceeding on their home. The Court previously granted in part and denied in part Wells Fargo's motion to dismiss the first amended complaint. Dkt. No. 38 at 6. Graham filed a second amended complaint ("SAC"), and Wells Fargo has moved to dismiss two of the SAC's claims. Dkt. Nos. 39-40. The Court previously found the motion to dismiss suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Dkt. No. 43. The motion is granted.

## BACKGROUND

The factual background of this case was discussed in detail in the Court's dismissal order. Dkt. No. 38. In brief, as alleged in the SAC, Graham originally sued Wells Fargo over foreclosure activities on a home in Berkeley, California, that Graham owns with Armitage. Dkt. No. 39 ¶ 50. That lawsuit settled. *Id.* ¶ 51. As part of the settlement agreement, Wells Fargo promised to consider Graham for a modification to her first-lien home loan, to reinstate Graham's second-lien equity line of credit ("ELOC"), and to suspend foreclosure related activities during the loan modification review process. *Id.*, Exh. 1, p. 4. The gist of the SAC is that Wells Fargo breached the settlement agreement by failing to do a loan modification review on Graham's first-lien home

loan. *Id.* ¶ 60.

The SAC alleges four claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) negligence; and (4) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq. Id.* ¶¶ 55-85. In the dismissal order, the Court found that the contract and implied covenant claims were adequately pleaded. Dkt. No. 38 at 3. Consequently, Wells Fargo's motion to dismiss the SAC challenges only the claims for negligence and UCL violations. Dkt. No. 40 at 3-10. [1]

**DISCUSSION**

**I.   STANDARDS**

To meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). At this stage, the Court accepts all the material allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiffs. *Moyo v. Gomez*, 32 F. 3d 1382, 1384 (9th Cir. 1994). But the Court will not treat as fact or accept as true allegations that are bare legal conclusions, recitations of elements, or unwarranted deductions. *Iqbal*, 556 U.S. at 678; *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Because the SAC alleges claims grounded in fraud and deception, Federal Rule of Civil Procedure 9(b) also applies. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This means that "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns*, 567 F.3d at 1124 (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097,

---

[1] The SAC fixes the prior omission of an indispensable party (Armitage). Dkt. No. 38 at 5.; Dkt. No. 39 at 1.

2

1102 (9th Cir. 2003)).

## II. NEGLIGENCE CLAIM

Graham and Armitage assert a claim for negligence under California Civil Code Section 1714(a). Dkt. No. 39 ¶¶ 68-78. To state a cause of action for negligence in California, a plaintiff must allege: (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001); *see also* Cal. Civ. Code § 1714(a). In the dismissal order, the Court held that the negligence claim failed because the complaint did not allege a duty that Wells Fargo purportedly breached. Dkt. No. 38 at 4. The SAC features somewhat different negligence allegations, but at bottom still fails to allege any conduct by Wells Fargo that plausibly meets the elements of a negligence claim.

### A. Duty Re The Application

The parties disagree on whether Wells Fargo owed a duty to handle the loan modification application with reasonable care. The existence of a duty is a threshold question in evaluating a negligence claim, *Paz v. State of Cal.*, 22 Cal. 4th 550, 559 (2000), and also a question of law for the Court to decide. *Vazquez v. Residential Invs., Inc.*, 118 Cal. App. 4th 269, 278 (2004).

In California, lenders generally do not owe borrowers a duty of care unless the lender's involvement in the loan transaction exceeds the scope of their "conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991). But that rule is far from absolute. *Kingston v. Wells Fargo Home Mortg.*, No. 13-cv-04181-JD, 2016 WL 2902228, at *2 (N.D. Cal. May 13, 2016). California courts balance several factors to determine when a lender owes a duty of care to a borrower, including: (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm. *Nymark*, 231 Cal. App. 3d at 1098 (identifying factors from *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958)).

The Courts have not reached unanimity in applying these factors or finding a duty in cases like this one. *See Rijhwani v. Wells Fargo Home Mortg., Inc.,* No. 13-cv-05881-LB, 2014 WL

3

890016, at *14-16 (N.D. Cal. Mar. 3, 2014) (collecting cases); *Reiydelle v. J.P. Morgan Chase Bank, N.A.*, No. 12-cv-06543-JCS, 2014 WL 312348, at *17-19 (N.D. Cal. Jan. 28, 2014) (same). Wells Fargo cites cases holding that, because a home loan modification application "falls squarely within the scope of a lending institution's conventional role as a lender of money," a lender has no common law duty of care in handling them. *See, e.g., Lueras v. BAC Home Loans Servicing, L.P.*, 221 Cal. App. 4th 49, 67 (2013). Graham and Armitage cite cases finding that a lender who agrees to consider an application for a home loan modification has exceeded its role as a money lender and is subject to a standard of reasonable care in processing the application. *See, e.g., Alvarez v. BAC Home Loans Servicing, L.P.,* 228 Cal. App. 4th 941, 948 (2014). But these cases address whether a lender who voluntarily undertakes to consider a home loan modification application assumes a duty of reasonable care, sounding in tort, in processing that application. They do not address the situation here, where Wells Fargo has a contractual obligation -- from the prior settlement agreement -- to consider Graham and Armitage's application.

      This is an important qualification because California law, with very limited exceptions, does not allow tort claims to flow from contractual breaches. *Erlich v. Menezes*, 21 Cal. 4th 543, 551-54 (1999). Substantial concerns underlie that rule, including the different objectives underlying tort and contract breach, the importance of predictability in assuring commercial stability in contractual dealings, and the potential for converting every contract breach into a tort. *Id.* at 553. Graham and Armitage have claims for breach of contract and for breach of the implied covenant of good faith and fair dealing. Dkt. No. 38 at 6. Under these circumstances, it would make little policy sense for the common law to foist upon Wells Fargo a tort-based duty of reasonable care in processing a loan application that it is already contractually obligated to process.

      That is enough to terminate the negligence claim, but the SAC also fails to allege any conduct amounting to a breach of Wells Fargo's ostensible duty of care in the processing of Graham and Armitage's home loan modification application. Those cases, like *Alvarez*, that have found lenders to have breached a duty of care in the home loan modification context all feature allegations that the lender actively mishandled a loan modification application, for example by

4

Case 3:15-cv-04220-JD   Document 46   Filed 01/10/17   Page 5 of 7

relying on incorrect information or by negligently failing to tender the application to the appropriate decision maker. *See Guillermo v. Caliber Home Loans, Inc.*, No. 14-cv-04212-JSW, 2015 WL 1306851, at *6 (N.D. Cal. Mar. 23, 2015) (citing *Alvarez*, 228 Cal. App. 4th at 945). There are no such allegations here. Graham and Armitage primarily allege that Wells Fargo breached its ostensible duty by recording a notice of default on the second-lien loan. Dkt. No. 39 ¶ 70. But that allegation is a non sequitur to the claim that Wells Fargo negligently mishandled the loan modification application itself. Graham and Armitage also allege that Wells Fargo simply didn't review their application at all. *Id.* ¶¶ 73, 75. But that allegation plainly describes nothing more than a breach of an obligation to perform a contractual duty, and cannot support a claim for negligence here. At bottom, even if Wells Fargo owed Graham and Armitage a duty of care in the processing of their loan modification application, the SAC fails to allege any breach of that duty.

### B. Duty Re Foreclosure

Graham and Armitage also allege that Wells Fargo owed them a duty to exercise reasonable care while "carrying out" a non-judicial foreclosure. *Id.* ¶ 72. This rather vague claim returns again to the notice of default on the second-lien ELOC with a reference to compliance with Civil Code Section 2923.55, which spells out conditions for filing a default notice. *Id.* ¶¶ 52, 75, 77. But as the Court has already held, Section 2923.55 applies "only to first lien mortgages or deeds of trust," and not second loans like their ELOC. *Graham v. Wells Fargo Bank, N.A.*, No. 15-cv-04220-JD, 2016 WL 2937501, at *2 (N.D. Cal. May 20, 2016) (quoting Cal. Civ. Code §§ 2924.15, 2923.55). Consequently, regardless of any alleged deficiencies in the declaration of compliance with Section 2923.55, Wells Fargo's alleged noncompliance cannot provide the basis for Graham and Armitage's negligence claim.

### III. UCL CLAIM

To state a claim under the UCL, a plaintiff must allege facts showing that she has "suffered an injury in fact and ... lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Consequently, Graham and Armitage's UCL claim requires them to plead facts establishing a "causal connection between [Wells Fargo's] alleged UCL violation and [their] injury in fact." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010) (quotation

5

omitted). But the SAC fails to plausibly allege that Wells Fargo has caused Graham or Armitage any injury cognizable under the UCL. Dkt. No. 39 ¶¶ 79-85. Attorneys' fees from this case cannot form the basis for plaintiffs' UCL claim. *Cordon v. Wachovia Mortg., a Div. of Wells Fargo Bank, N.A.*, 776 F. Supp. 2d 1029, 1039 (N.D. Cal. 2011). Graham and Armitage do not allege that a foreclosure sale has occurred -- or even that a notice of trustee's sale has been recorded. Dkt. No. 39 ¶¶ 79-85. Even assuming that the allegedly deficient notice of default could jeopardize plaintiffs' interest in their home enough to create a cognizable injury, Graham and Armitage fail to allege any facts showing why Wells Fargo's conduct -- rather than their own inability to pay for their mortgage -- would be the cause of any alleged injury. *Lawther v. OneWest Bank, FSB*, No. 10-cv-00054-JCS, 2012 WL 298110, at *25 (N.D. Cal. Feb. 1, 2012).

Even if Graham and Armitage had an injury sufficient to confer standing under the UCL, the claim would still fail. The allegations under the "fraudulent" and "unfair" prongs of the UCL, which are grounded in Wells Fargo's allegedly fraudulent conduct, are subject to Rule 9(b)'s heightened pleading standards. *Kearns*, 567 F.3d at 1125-26. Yet the requisite "who, what, when, where, and how of the misconduct charged" are wholly absent from the SAC. *Id.* at 1124 (quoting *Vess*, 317 F.3d at 1102). The allegation that Wells Fargo engaged in unfair practices "based on the immoral, unethical, and oppressive conduct in attempting to engineer a foreclosure of Plaintiffs' property and . . . failure to properly evaluate borrowers' modification application," Dkt. No. 39 ¶ 83, is conclusory in the extreme, and does not survive under Rule 8 plausibility requirements, let alone Rule 9(b)'s more exacting standards. And the SAC's claim under the "unlawful" prong of the UCL is a non-starter. While a "systematic breach of certain types of contracts" might form the predicate for an unlawfulness claim, the alleged breach here is of a single settlement agreement and so cannot support a UCL cause of action. *Am. Marine Corp. v. Blue Shield of California*, No. 11-cv-00636-WHA, 2011 WL 1399244, at *5 (N.D. Cal. Apr. 13, 2011) (quoting *Arce v. Kaiser Found. Health Plan, Inc.*, 181 Cal. App. 4th 471, 490 (2010)).

## CONCLUSION

The remaining question is whether the negligence and UCL claims should be dismissed with prejudice. Plaintiffs have had more than one opportunity to adequately plead these claims.

6

The Court's discretion to dismiss with prejudice is "particularly broad" after prior leave to amend has been granted, which is the case here. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). In light of plaintiffs' multiple chances to plead these claims, and their inability to do so, the UCL and negligence claims are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: January 10, 2017

JAMES DONATO
United States District Judge